UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

        v.                                             14-CR-134-A
                                                      **ORDER**

JEREOME GRANT,

        Defendant.

_____

        The defendant, Jerome Grant, has filed a *pro se* letter request (Docket No. 836) for a sentence reduction in light of a ruling in *U.S. v. Winstead*, 890 F.3d 1082 (D.C. Cir. 2018), that he believes establishes that he was sentenced improperly as if he had the status of a career offender under U.S. Sentencing Guidelines. Generally, pursuant to 18 U.S.C. § 3582(c), a "court may not modify a term of imprisonment once it has been imposed except" in several limited circumstances, such as a relevant amendment to the Guidelines or a motion from the Director of the Bureau of Prisons. Defendant Grant does not identify any § 3582(c) exception that might apply in this case, nor is any apparent. The defendant's letter request must be denied if it is construed as a motion under § 3582(c).

        The Court is obliged to liberally construe pleadings filed by *pro se* litigants. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Construing defendant Grant's letter motion for a sentence reduction liberally, could, in the alternative, be construed as a motion to vacate, reduce, or set aside a sentence pursuant to 28 U.S.C. § 2255. But a court may not convert any post-conviction motion into a § 2255 motion without first giving notice of that proposed action, and granting leave to withdraw the potential § 2255 motion. *Castro v. United States*, 540 U.S. 375, 381-82 (2003), *Adams v. United*

1

*States*, 372 F.3d 132, 136 (2d Cir. 2004). The defendant is therefore advised and warned that, should he elect to convert his § 3582(c) letter motion into a § 2255 motion, and if that § 2255 motion is ultimately denied, he may be strictly prohibited from filing a second § 2255 motion, except in certain limited circumstances. *See Adams v. United States*, 155 F.3d 582, 583-84 (2d Cir. 1998). In other words, if the defendant elects to request that the Court convert his § 3582(c) motion into a § 2255 motion, that decision "may result" in a "deprivation of a future opportunity to have a [potentially] well-justified grievance adjudicated." *Id.* at 583.

The Clerk of Court shall mail a copy of this Order to defendant Grant, together with a Motion to Vacate/Set Aside Sentence Under 28 U.S.C. § 2255 (AO Form 243). If the Defendant elects to convert his § 3582(c) motion into a § 2255 motion, he should complete the form § 2255 motion and return it to the Court within 45 days of the date of this Order. **In his § 2255 motion, the defendant should show cause why the motion should not be dismissed based upon the language in his Plea Agreement that purports to waive of his right to bring a collateral attack on his sentence.** *See* Docket Number 319, p. 7, ¶¶ 16-17. If the defendant elects to *not* convert his § 3582(c) motion into a § 2255 motion, he should notify the Court of that decision within 45 days of the date of this Order.

**SO ORDERED.**

Dated: September 13, 2018
   Buffalo, New York

                    *s/Richard J. Arcara*
                    HONORABLE RICHARD J. ARCARA
                    UNITED STATES DISTRICT JUDGE