UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     v.

JEROME GRANT,

                   Defendant.

**DECISION AND ORDER**
14-CR-134-RJA

Before the Court is the Government's motion to reduce Defendant Jerome

Grant's sentence by 9 levels pursuant to Rule 35(b) of the Federal Rules of Criminal

Procedure.  For the reasons that follow, the Court hereby GRANTS the Government's

motion and reduces Defendant's sentence to TIME SERVED.  Upon release, Defendant

will be placed on supervised release for a term of 4 years, with all previously imposed

terms and conditions of supervised release (Dkt. No. 588) to remain in effect.[1]

## BACKGROUND

The Court presumes the parties' familiarity with previous proceedings in this case

and will reiterate the procedural history and facts only as necessary to decide this

motion.

On March 22, 2017, Defendant was sentenced by this Court to 188 months'

incarceration (the low end of the advisory Guidelines range of 188 to 235 months as a

---

[1] A defendant's presence is not required when a "proceeding involves the correction or reduction of a sentence under Rule 35 or 18 U.S.C. § 3582(c)."  Fed. R. Crim. P. 43(b)(4); *see generally United States v. Suleiman*, 208 F.3d 32, 40 n.5 (2d Cir. 2000).  As such, the Court hereby resentences Defendant by way of this Decision and Order.

Career Offender with a Criminal History of VI, and with a total offense level 31), to be followed by 4 years of supervised release, after his plea of guilty to a lesser included offense within Count 1 of the Indictment, charging a violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B) (conspiracy to possess with intent to distribute, and to distribute, 500 grams or more of cocaine).[2]  (Dkt. No. 319 [Plea Agreement]; CM/ECF Minute Entry, 11/03/2015; Dkt. No. 588 [Judgment]; CM/ECF Minute Entry, 03/22/2017).

On the date of sentencing, March 22, 2017, the Court noted that the Government had not yet filed a motion for a downward departure pursuant to § 5K1.1.  The Government expressed it would not file a motion until after Defendant testified at multiple trials as a witness, which had not yet occurred, and affirmed that there had already been some cooperation but it was not complete.  The Government agreed that even if Defendant declined to cooperate after the date of sentencing, the Government would file a Rule 35(b) motion within a year of the imposition of the sentence. Defendant expressed that he wanted to be sentenced immediately as he had already served 2 years and 7 months in pretrial detention, and he wanted to commence his time in federal custody.

The Government filed a sealed application on February 27, 2018 for a reduction of sentence with no specified number of levels, within the one-year time limit of Rule 35(b)(1).  The Government later filed a sealed affidavit on September 10 or 11, 2018, outside the one-year time limit but seemingly pursuant to Rule 35(b)(2)(b), seeking a 9-level reduction in Defendant's sentence, which would reduce his Guideline range of

---

[2] The Indictment charged a violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (conspiracy to possess with intent to distribute, and to distribute, 5 kilograms or more of cocaine).  (Dkt. No. 53).

imprisonment from 188 to 235 months, to 84 months to 105 months. (Dkt. No. 736).

That application is discussed further below.

**DISCUSSION**

**I.      Rule 35(b): Reducing a Sentence for Substantial Assistance**

Rule 35(b)(1) provides, "Upon the government's motion made within one year of

sentencing, the court may reduce a sentence if the defendant, after sentencing,

provided substantial assistance in investigating or prosecuting another person." *See*

*United States v. Doe*, 93 F.3d 67, 67 (2d Cir. 1996) (per curiam) ("Such a motion filed

by the government within one year of the imposition of the original sentence allows the

district court to reduce the sentence for substantial assistance rendered to the

government after sentencing.").

If the Government's motion is made *more* than one year after sentencing, the

defendant's substantial assistance must involve the following type of information:

> (A) information not known to the defendant until one year or
> more after sentencing;
>
> (B) information provided by the defendant to the government
> within one year of sentencing, but which did not become
> useful to the government until more than one year after
> sentencing; or
>
> (C) information the usefulness of which could not reasonably
> have been anticipated by the defendant until more than
> one year after sentencing and which was promptly
> provided to the government after its usefulness was
> reasonably apparent to the defendant.

Fed. R. Crim. P. 35(b)(2)(A)-(C).

The Second Circuit has held that Rule 35 motions are akin to motions brought

under United States Sentencing Guidelines § 5K1.1. *See United States v. Gangi*, 45

F.3d 28, 31 (2d Cir. 1995) ("We are persuaded that, due to similarity in language and function, § 5K1.1 should inform our construction of Rule 35(b)."). Indeed, "[t]he only practical difference between Rule 35(b) and U.S.S.G. § 5K1.1 is a matter of timing"; a § 5K1.1 motion is predicated on substantial assistance before sentencing, while a Rule 35(b) motion is predicated on substantial assistance after sentencing.[3] *Gangi*, 45 F.3d 28, 31; *see United States v. Bishop*, 11-CR-193S (2), 2015 WL 845718, 2015 U.S. Dist. LEXIS 23465, *3 (Feb. 24, 2015) (same).

"In deciding a Rule 35(b) motion, a district court makes two inquiries. First, it must determine whether the defendant in fact provided substantial assistance. Second, if so, it must then determine what, if any, reduction in sentence is warranted." *United States v. Katsman*, 905 F.3d 672, 674 (2d Cir. 2018). Moreover, a district court "may consider the 18 U.S.C. § 3553(a) factors in determining the extent, if any, of a sentence reduction pursuant to a Rule 35(b) motion." *Id.* at 675.

The non-exclusive factors set forth in § 5K1.1 also apply in the context of a Rule 35 motion, in determining an "appropriate reduction," namely:

> (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;
>
> (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
>
> (3) the nature and extent of the defendant's assistance;
>
> (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance; and
>
> (5) the timeliness of the defendant's assistance.

---

[3] Even so, Rule 35(b)(3) provides, "[i]n evaluating whether the defendant has provided substantial assistance, the court may consider the defendant's *presentence* assistance" (emphasis added).

4

U.S.S.G. § 5K1.1(a); *see also Doe*, 938 F.3d at 17-18; *Gangi*, 45 F.3d at 31.

The determination of whether to grant a sentence reduction under Rule 35 is committed to the sentencing court's discretion.  *See Katsman*, 905 F.3d at 675 ("The only limit to the court's discretion under Rule 35(b) is the requirement that the defendant provide 'substantial assistance' if he is to receive any benefit for his cooperation.").

## II.   Defendant's Substantial Assistance

On February 27, 2018, the Government filed a sealed application, Dkt. No. 736, with a sealed affidavit of Wei Xiang, Assistant United States Attorney in support thereof, for a reduction of Defendant's sentence pursuant to Rule 35(b), asking that the Court defer consideration of the motion until after the Government had filed a supplemental supporting affidavit "once the full extent of the defendant's assistance becomes known." The Government explained that Defendant had rendered both pre-sentence and post-sentence cooperation, but that continuing cooperation was anticipated, particularly potential testimony at an upcoming trial that post-dated the one-year deadline of March 22, 2018.  In this vein, the Government essentially asked the Court to hold its motion in abeyance, pending the conclusion of Defendant's cooperation.  *See, e.g.*, *Gangi*, 45 F.3d at 30 ("In this case, the government submitted its Rule 35(b) motion within the one-year time limit, but it requested the court to hold the motion in abeyance, pending the conclusion of Gangi's cooperation.  The government stated that it would submit a supplemental letter at that time.").

On September 10 or 11, 2018, the Government filed a supplemental, sealed affidavit of AUSA Wei Xiang in support of its motion for a 9-level reduction in

Defendant's sentence.  As previously stated, this would significantly reduce Defendant's Guideline range of imprisonment from 188 to 235 months, to 84 months to 105 months.

Defendant's substantial assistance is detailed in the sealed submission filed by the Government.  The submission describes Defendant's cooperation and details the efforts he has made to assist the Government, namely the valuable assistance Defendant has provided in the prosecution of his co-defendants and others—including Defendant's participation in two trials following his sentencing in March 2017.  The papers reflect that the information Defendant has provided has been candid and truthful, and helpful to the Government.  For these efforts, the Government believes that a 9-level sentencing reduction is appropriate.

In addition to the Government's sealed submissions, the Court has also considered Defendant's various *pro se* responses to the motion and explanation of his cooperation, and argument that the low-end of the 84-month to 105-month range is appropriate.[4]  The Second Circuit has held that, while Rule 35(b) does not by its terms require notice to the defendant, "a defendant must have an opportunity to respond to the government's characterization of his post-sentencing cooperation and to persuade the court of the merits of a reduction in sentence," at least by written submission. *Gangi*, 45 F.3d at 32.

---

[4] Defendant has separately filed a motion (Dkt. Nos. 932, 975) for compassionate release pursuant to 18 U.S.C. § 3582(c)(2), as amended by the First Step Act, due to his medical conditions and his risk of contracting the coronavirus during the COVID-19 pandemic, as well as a motion (Dkt. No. 913) seeking a modification of his sentence under 18 U.S.C. § 3582(c)(2) due to an alleged modification in the law under the First Step Act.  Defendant has effectively responded to the Government's Rule 35(b) motion within filings relative to those two, separate motions, as well as filings only addressing the Rule 35(b) motion. (*See* Dkt. Nos. 922, 941, 966, 968, 971, and 978).  The Court has construed all those responses, even if labeled as addressing other motions filed by Defendant, as a collective response to the Government's motion for a reduction in sentence pursuant to Rule 35(b).

This Court concurs in the Government's assessment of Defendant's assistance and finds that he has provided significant, truthful information that has been useful in the Government's investigation and prosecution of others.  Because the submission is sealed, this Court will not recount it here.  But based on this Court's review, it finds that the 9-level reduction requested by the Government is warranted, and a sentence at the low-end of the Guidelines range is sufficient but not greater than necessary to achieve the purposes of sentencing.  The Court has considered the 18 U.S.C. § 3553(a) factors in "determining the extent . . . of a sentence reduction," *Katsman*, 905 F.3d at 675, including those raised by the parties in their assorted motion papers.

With good time credit and without any sentence reduction, Defendant's projected release date is November 30, 2027, and he is currently housed at FCI Miami in Miami, Florida.[5]

A sentence at the low-end of the 84- to 105-month range of imprisonment results in a time-served sentence.  As of the date of Defendant's sentencing on March 22, 2017, he had served approximately 2 years, 7 months, and 27 days (*i.e.*, 31 months and 27 days) in pretrial detention.  (*See* Dkt. No. 586 [presentence investigation report], p. 1; Dkt. No. 632, pp. 7-8 [sentencing tr.]).  The Court takes judicial notice that between that date and today's date, Defendant has served an additional 58 months and 10 days, for an aggregate time in custody of just over 90 months.  The Court has had the U.S. Probation Office obtain a Sentencing Monitoring Computation Data sheet from the Federal Bureau of Prisons, which confirms these calculations, *i.e.*, that with a low-end

---

[5] *See* Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Feb. 1, 2022).

sentence within the 84-month to 105-month range, Defendant is currently at a time-served sentence (as of January 28, 2022, he had served 90 months and 5 days).

Moreover, the Government's motion was timely filed, regardless of whether the Court considers the February 27, 2018 application (to be held in abeyance) as timely -filed within the one-year time limit of Rule 35(b)(1), or whether the Court construes the motion as filed in September 2018 with the supplemental affidavit (one year or more after sentencing, pursuant to Rule 35(b)(2)).  As to the latter filing, this Court specifically finds that Defendant's assistance was prompt and that the information he provided became useful to the Government more than one year after he was sentenced, thereby rendering the Government's motion timely under Rule 35(b)(2)(B).

## CONCLUSION

For his voluntary cooperation and substantial assistance to the Government in the investigation and prosecution of others, Defendant has earned a 9-level reduction in his offense level.  This reduces his sentencing range to 84 months to 105 months, based on a total offense level of 22 and a Criminal History Category of VI.  Defendant's sentence is hereby reduced from 188 months to TIME SERVED.

For the foregoing reasons, it is hereby

**ORDERED** that the Government's motion is GRANTED, Defendant's sentence shall be reduced to TIME SERVED, and Defendant shall be released from the custody of the Bureau of Prisons.  Upon release, Defendant will be placed on supervised release for a term of 4 years, and he shall be subject to all the terms and conditions of supervised release as set forth in the original judgment (Dkt. No. 588) and sentence in this case; and it is further

8

**ORDERED** that the Bureau of Prisons is directed to immediately commence the process of releasing Defendant from custody, taking into account necessary protocols and/or precautions in light of the COVID-19 pandemic and to protect the health and safety of Defendant and the public, and the United States Attorney's Office and United States Probation Office are directed to take all steps to communicate and to facilitate that relief; and it is further

**ORDERED** that due to the COVID-19 pandemic, following his release from FCI Miami, Defendant must travel directly to ███████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████; and it is further

**ORDERED** that Defendant must report within 72 hours of release to: ████████ ████████████████████████████████████████████████ ██████.


**IT IS SO ORDERED.**


_____s/Richard J. Arcara_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT


Dated:   February 1, 2022
           Buffalo, New York